**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TONY KING,
                Appellant,

       v.

DEPARTMENT OF AGRICULTURE,
                Agency.

DOCKET NUMBER
AT-0752-19-0350-I-1

DATE: October 18, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tony King</u>, Anniston, Alabama, pro se.

<u>Jose Calvo</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. On petition for review, the appellant argues that he could not be removed while he was reinstated pursuant to an interim relief order issued in a prior Board appeal in *King v. Department of Agriculture*, MSPB Docket

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

No. AT-0752-18-0079-I-1.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    In 2017, the agency removed the appellant from his GS-12 Enforcement Investigative and Analysis Officer position with the Food Safety and Inspection Service based on the charges of (1) unprofessional conduct and (2) failure to follow instructions.  *King v. Department of Agriculture*, MSPB Docket No. AT-0752-18-0079-I-1, Initial Appeal File (0079 IAF), Tab 5 at 15-19, 153-59.  The administrative judge in that appeal issued an initial decision finding that the agency failed to prove the charges and that the appellant proved that the agency retaliated against him for having exercised his equal employment opportunity rights.  0079 IAF, Tab 25, Initial Decision at 20.  She ordered interim relief if either party filed a petition for review, *id.* at 21-22, and the agency reinstated the appellant on that basis, *King v. Department of Agriculture*, MSPB Docket No. AT-0752-19-0350-I-1, Initial Appeal File (IAF), Tab 9 at 66.  The agency has filed a petition for review of the initial decision, which is pending with the Board.

¶3      While the appellant was employed on the basis of the interim relief order, the agency initiated the removal action that is the basis of this appeal. IAF, Tab 6 at 27-32, Tab 9 at 10-15. He appealed that removal to the Board, and, after the appellant's requested hearing, the administrative judge sustained the agency's second removal action. IAF, Tab 29, Initial Decision. The essence of the appellant's claim on review is that the second removal action was per se improper as contrary to the interim relief order in his first appeal. Petition for Review File, Tab 1.

¶4      It is well settled that an interim relief order does not insulate an appellant from a subsequent adverse action so long as that action is not inconsistent with the initial decision. *Rothwell v. U.S. Postal Service*, 68 M.S.P.R. 466, 468 (1995); *Barcliff v. Department of the Navy*, 62 M.S.P.R. 428, 433 (1994); *see also Wilson v. Department of Justice*, 66 M.S.P.R. 287, 291, 296–97 (1995) (finding that a removal action is not per se improper because it was effected during the interim relief period, although it was improper on its merits). When an agency effects a second removal action during a period of interim relief ordered in an initial decision in a prior removal action, and the appellant files an appeal of the second action, the Board considers the second removal action on its merits. *See generally Wilson*, 66 M.S.P.R. at 291, 296-97. That the appellant was reinstated pursuant to an interim relief order is irrelevant to the merits of the second removal action. Thus, the administrative judge properly adjudicated the second removal action on the merits and without reference to the fact that, at the time of his removal, the appellant was reinstated pursuant to an interim relief order.

¶5      The appellant's arguments on review do not show error in the administrative judge's findings that the agency proved the charged misconduct, established a nexus between the misconduct and the efficiency of the service, and showed that the penalty of removal was within the tolerable limits of

reasonableness.  We discern no reason to disturb the initial decision.[2]  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105–06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] The appellant does not challenge on review the administrative judge's findings regarding the affirmative defenses he raised below.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.